```
     IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

        MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION
```

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:13cr107-MHT |
| **MILAS ANTWON GRANT, III** | ) | (WO) |

## ORDER

Upon consideration of the recommendation of the United States Magistrate Judge (doc. no. 39), to which no objections have been filed; and after an independent and de novo review of the record, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) That the recommendation of the United States Magistrate Judge (doc. no. 39) is adopted; and

(2) That defendant Milas Antwon Grant, III's motion to dismiss the indictment for failure to charge a federal offense (doc. no. 29) is denied without prejudice and with leave to renew at trial.

                              ***

At this stage in the proceedings, the government has adequately alleged that defendant Milas Antwon Grant, III's activities had a "minimal effect on interstate commerce," <u>United States v. Gray</u>, 260 F.3d 1267 (11th Cir. 2001), such that the case should go to trial. <u>United States v. Diecidue</u>, 602 F.2d 535, 547-48 (5th Cir. 1979).[*] However, Grant is free to argue, after the evidence is presented, that the crimes do not have enough of an effect on commerce to justify federal jurisdiction under the Hobbs Act, 18 U.S.C. § 924.

DONE, this the 19th day of November, 2013.

                        /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE

---

*The Eleventh Circuit has adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. <u>See</u> <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc).